IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
SEP 17 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| TAMIKA NICOLE McKAY<br>13627 Colgate Way, Apartment 841<br>Silver Spring, Maryland 20904<br><br>*On Behalf of Herself and*<br>*All Others Similarly situated*<br><br>PLAINTIFF<br><br>v.<br><br>9th STREET RESTAURANTS, INC.<br>T/A Louis Rogue Gentleman's Club<br>476 K Street, NW<br>Washington, D.C. 20001<br><br>  Serve: Louis A. Sigalas<br>  4408 Springdale Street, NW<br>  Washington, D.C. 20016<br><br>and<br><br>LOUIS A. SIGALAS<br>4408 Springdale Street, NW<br>Washington, D.C. 20016<br><br>DEFENDANTS. | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | Case No.: _____<br><br>Case: 1:10-cv-01591<br>Assigned To : Collyer, Rosemary M.<br>Assign. Date : 9/17/2010<br>Description: Labor/ERISA<br><br>*JURY ACTION* |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Tamika Nicol McKay a/k/a exotic dancer "Cherokee" ("Plaintiff") by and through her undersigned counsel, on behalf of herself and all others similarly situated, hereby complains against Defendants 9th Street Restaurants, Inc. t/a Louis Rogue Gentleman's Club ("Louis Rogue") and Louis A. Sigalas ("Mr. Sigalas") (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage

Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA"), and for other damages as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland.

2. Louis Rogue is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. Louis Rogue is in the business of operating a nightclub and bar featuring nude exotic dancers. Mr. Sigalas is, on information and belief, the principal owner and president of Louis Rogue. At all times Mr. Sigalas was Plaintiff's supervisor and determined Plaintiff's rate and method of pay. At all times relevant, both Defendants were Plaintiff's "employers" for purposes of the FLSA, DCMWA, and DCWPA.

3. During Plaintiff's employment, Louis Rogue was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, Louis Rogue qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## **FACTS**

5. Plaintiff was employed by Defendants from approximately March 2007 through January 2010. At all times relevant, Plaintiff worked for Defendants as a full time employee. At all times, Plaintiff's primary job duty was as an exotic dancer at Defendants' Louis Rogue Gentleman's Club in Washington, D.C.

6. During her term of employment, Plaintiff regularly worked nine (9) hour dance shifts, four (4) nights per week. While in Defendants' employ, Defendants paid Plaintiff nothing for all hours worked.

7. At all times, Plaintiff was an employee of Defendants and was never an independent contractor.

8. To add insult to Defendants' failure to pay Plaintiff any wages, Defendants demanded that each shift Plaintiff worked for Defendants, Plaintiff pay Defendants between ten ($10.00) and fifteen ($15.00) dollars as a "stage fee" for the privilege of working for Defendants. Additionally, Defendants demanded each Plaintiff pay Defendants between thirty ($30.00) to forty ($40) dollars each night for use of Defendants' jukebox so that Plaintiff could dance to music to entertain Defendants' patrons.

9. At no time did Plaintiff authorize Defendants to take these withholdings and deductions from her pay described in paragraph 8.

10. Plaintiff is aware of other current and former employees of Defendants who are similarly situated in that they: (1) were employees of Defendants and were not independent contractors; (2) were not paid for hours worked as prescribed by law; and (3) had their wages unlawfully withheld and deducted from their pay.

## CAUSES OF ACTION
### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Minimum Wage)**

11. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-10 above, as if each were set forth herein.

12. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

13. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants were her "employers." Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the federal minimum wage.

14. At all times relevant, Plaintiff worked approximately nine (9) hours per day, four (4) days per week, for which she was paid nothing. At all times relevant, such an hourly rate falls below the applicable Federal Minimum Wage rate for hours worked each week. Defendants have failed and refused to compensate Plaintiff (and others similarly situated) properly and as required by law for numerous hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) under Count I for unpaid minimum wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

15. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-14 above, as if each were set forth herein.

16. Plaintiff was an "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*. Under the DCMWA, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiff at an hourly rate not less than the District of Columbia Minimum Wage, currently $8.25 per hour.

17. Defendants paid Plaintiff nothing for all hours worked. Defendants failed to pay Plaintiff at an hourly rate at least equal to the District of Columbia Minimum Wage. Defendants owe Plaintiff back wages for all hours worked under the DCMWA.

18. Defendants' failure and refusal to pay wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit), under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

19. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-18 above, as if each were set forth herein.

20. Plaintiff was an "employee," and Defendants were Plaintiff's "employers"

within the meaning of the DCWPA, D.C. Code §§ 32-1301 *et seq.* Under the DCWPA § 32-1302, Defendants, as Plaintiff's employers, were obligated to pay Plaintiff all wages due for all work that Plaintiff performed.

21. Habitually, over the court of Plaintiff's employment, Defendants made deductions from Plaintiff's pay. Such deductions included, but were not limited to, "stage fees" and fees for use of Defendants' jukebox. These deductions made by Defendants were never authorized by Plaintiff.

22. Defendants' taking of deductions and withholdings from Plaintiff's pay resulted in a failure by Defendants to pay Plaintiff all wages due and promised for worked performed as required by the DCWPA. Defendants' failure was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit), under Count III, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
## UNJUST ENRICHMENT

23. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-22 as if each were set forth herein.

24. As set forth above, Defendants demanded that each shift Plaintiff worked for Defendants, Plaintiff pay Defendants between ten ($10.00) and fifteen ($15.00) dollars as a "stage fee" for the privilege of working for Defendants. Additionally,

Defendants demanded each Plaintiff pay Defendants between thirty ($30.00) to forty ($40) dollars each night for use of Defendants' jukebox so that Plaintiff could dance to music to entertain Defendants' patrons.

25.  At no time did Plaintiff ever authorize or otherwise permit Defendants' taking of Plaintiff's money for Defendants' personal use and to further Defendants' business venture.

26.  Plaintiff has been damaged by Defendants' unauthorized and unpermitted taking of Plaintiff's money for Defendants' personal use and to further Defendants' business venture.

27.  Defendants have been unjustly enriched by their taking of Plaintiff's money for Defendants' personal use and to further Defendants' business venture.

28.  Equity demand that Defendants return all of Plaintiff's money deducted and withheld by Defendants.

WHEREFORE, Defendants are liable, jointly and severally to Plaintiff under Count IV for damages in such amounts as are proven at trial, interest (both pre- and post-judgment), the cost of this action, and for any further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. MD17291
Meredith R. Philipp, Bar No. MD29153
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com
       mphilipp@zipinlaw.com

*Counsel for Plaintiff*